DECISION AND JUDGMENT ENTRY
{¶ 1} Thomas Knipp ("Appellant") appeals his conviction in the Vinton County Court for criminal trespass in violation of R.C. 2911.21. The Appellant asserts that his conviction was against the manifest weight of the evidence and that the trial court abused its discretion when it denied his motion for acquittal pursuant to Crim.R. 29. Because we find that the trial court's judgment was not against the manifest weight of the evidence, and that the trial court properly denied the Appellant's Crim.R. 29 motion for acquittal, we affirm the judgment of the trial court.
 I. Facts {¶ 2} On the evening of September 12, 2005, Nicole Lambert ("Lambert") saw the Appellant peering into her bathroom window. At the time, Lambert was nude, as she was bathing. The window and bathroom screen were both open, and the interior shutters were cracked open, about four to five inches. Lambert was on notice that someone had been seen sneaking around her property at around the time Lambert was taking a bath a day earlier. She decided to leave her window and screen open so that she could determine the identity of the trespasser. Upon seeing the Appellant, Lambert threw water from a cup she had placed next to her bathtub on him. She immediately got out of the bathtub, put her clothes on, and hurried outside.
 {¶ 3} When she got outside, Lambert saw the Appellant, who was wearing a white tee shirt, running around the corner of his house with gloves in his back pocket. She observed the Appellant go into his home and dry his face and the upper half of his body off with paper towels. Lambert then contacted law enforcement officials. A Vinton County Sheriff's Deputy ("deputy") responded to Lambert's call. In the course of his investigation, the deputy traveled to the Appellant's residence. The deputy asked the Appellant a few questions pertaining to his whereabouts at the time of the alleged incident. The deputy also asked the Appellant for permission to look inside his residence. While looking at the Appellant's laundry, the deputy found a damp white tee shirt. Additionally, the deputy observed wet, damp paper towels or napkins in the trash on the Appellant's porch.
 {¶ 4} The Appellant was charged with criminal trespass in violation of R.C. 2911.21(A)(1). He was convicted of the same offense, and now appeals that conviction, asserting the following assignments of error:
 {¶ 5} I. THE TRIAL COURT ERRED IN RENDERING A DECISION WHICH GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.
 II. Manifest Weight of the Evidence {¶ 7} In his first assignment of error, the Appellant contends that his conviction was against the manifest weight of the evidence. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998),84 Ohio St.3d 180, 193, 702 N.E.2d 866. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79, 80,434 N.E.2d 1356; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley
(1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
 {¶ 8} When questioned at trial, Lambert positively identified the Appellant as the person who was peering in her bathroom window on the night in question. She testified that when she saw the Appellant, she dumped a cup of water on him. She also testified that when the Appellant re-entered his home, she observed him wiping himself off with paper towels. Additionally, the deputy that responded to Lambert's call testified that he found a wet tee shirt in the Appellant's laundry room, as well as wet paper towels in the trash on Appellant's porch.
 {¶ 9} The Appellant testified that at around 8:30 p.m. on the night in question he went out to his garage in order to separate his tools and then went back inside a few moments later. He testified that when he came back inside, he washed his hands, then began to watch television. He testified that at 9:37 p.m., he checked his voice mail, and then made a telephone call some time after 10:00 p.m. He testified that he did not come into contact with Lambert at any point on the night in question.
 {¶ 10} Reviewing the conflicting testimony in the case sub judice, we find that the state presented substantial evidence upon which the trial court could reasonably conclude that all essential elements of criminal trespassing had been established beyond a reasonable doubt. For this reason, we overrule the Appellant's first assignment of error.
 III. Denial of Motion for Acquittal {¶ 11} In his second assignment of error, the Appellant contends that the trial court erred when it denied the Appellant's Crim.R. 29 motion for acquittal. This court has previously noted that a motion for acquittal under Crim.R. 29(A) tests the sufficiency of the evidence. See State v. Miley
(1996), 114 Ohio App.3d 738, 742, 684 N.E.2d 102. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, 574 N.E.2d 492, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. The sufficiency of the evidence standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson, supra, at 319.
 {¶ 12} Reviewing the evidence presented in this case, as discussed supra, we find that evidence convinces the average mind of the Appellant's guilt beyond a reasonable doubt. We therefore find that the Appellant's second assignment of error is meritless.
 IV. Conclusion {¶ 13} Accordingly, we find that the Appellant's conviction is not against the manifest weight of the evidence, and that the trial court's denial of the Appellant's motion for acquittal was not an abuse of discretion. Thus, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Harsha, P.J.: Dissents.