OPINION
{¶ 1} This is an appeal by defendant-appellant, Dewayne J. Darrington, from a judgment of the Franklin County Court of Common Pleas following a jury trial in which appellant was found guilty of felonious assault with firearm specifications.
 {¶ 2} On June 23, 2005, appellant was indicted on two counts of felonious assault, in violation of R.C. 2903.11, with firearm specifications, and one count of having a weapon while under disability, in violation of R.C. 2923.13. This matter came for trial before a jury beginning December 13, 2005. The indictment arose out of an incident on June 13, 2005, in which a shot was fired into an automobile occupied by two individuals.
 {¶ 3} The first witness for the state was Terella Waderker. On the evening of June 13, 2005, Waderker, an employee of Dial America, was at work until 10:00 p.m. After work, Waderker rode with a friend, Ryan Bailey, in Bailey's vehicle, to a restaurant. Later, at approximately 12:30 a.m., as they were traveling on Hamilton Road, Bailey stopped for a red light at the intersection of Hamilton Road and Main Street.
 {¶ 4} While Bailey was stopped in the left lane, a white vehicle pulled up to the intersection in the right lane, and Waderker observed four males she had never met before in the other vehicle, approximately two or three feet from Bailey's vehicle. These individuals "starting yelling things out the car * * * just being loud." (Tr. Vol. III, at 162.) The individual seated in the back seat directly behind the driver "was one of the loudest ones[.]" (Tr. Vol. III, at 162.) At trial, Waderker identified this individual as appellant. The driver's window was up, but the back seat window was down, and appellant had "one of his arms outside the window, gesturing something with his hands." (Tr. Vol. III, at 164.)
 {¶ 5} After the light turned green, Bailey proceeded slowly north on Hamilton Road, and Waderker noticed a lot of movement in the other vehicle. The white vehicle pulled ahead of Bailey's vehicle, and it did not make sense to Waderker as to why appellant "would turn around and just stare[.]" (Tr. Vol. III, at 165.) Waderker thought these individuals were acting "weird," and she noted the license plate number. (Tr. Vol. III, at 167.) The white vehicle then began to slow down, and, as Bailey's vehicle began to pass, approximately two to three feet from the other vehicle, Waderker noticed something in appellant's hands, and she then heard a loud noise.
 {¶ 6} A bullet hit the rear passenger side window of Bailey's vehicle, and Waderker fell over into Bailey's lap. Glass fragments hit Waderker in the face, neck and shoulder, causing numerous cuts. Bailey pulled over, and Waderker phoned 911. She gave the operator a description of the vehicle and the license number. They then drove to a friend's house, and waited for a police officer and medical personnel to arrive.
 {¶ 7} Whitehall Police Officer Michael Dillon was on duty on June 13, 2005, and received a dispatch regarding a shooting. Officer Dillon spoke with the victims shortly after the incident, and the officer observed that the female victim had numerous cuts and was bleeding.
 {¶ 8} Shortly after the incident, police officers from Columbus and Whitehall responded to an apartment complex located on Linwood Avenue regarding a possible suspect and a firearm. A white Pontiac, license plate number DIL 8556, was parked in the alley in the rear of 60 Linwood Avenue. A weapon, described as a .9mm Hi-Point, was found about 20 yards from the vehicle. A bullet clip was in the weapon, with one round chambered.
 {¶ 9} While talking with Bailey and Waderker, Officer Dillon received a dispatch that a suspect had been detained. The officer then drove the victims to 60 Linwood Avenue. There were several police cruisers at that location, and a number of individuals congregating around the area. Officer Dillon escorted Waderker to a cruiser, and she immediately told the officer that the individual in the vehicle, who she identified at trial as appellant, was the person who had shot at her.
 {¶ 10} Police officers subsequently recovered a bullet fragment from the floorboard of Bailey's vehicle. A police detective ordered testing on the weapon and the bullet fragment recovered from Bailey's vehicle. The testing confirmed that the bullet fragment was fired from the weapon recovered near 60 Linwood Avenue.
 {¶ 11} The sole witness for the defense was appellant's sister, Shana Miller, age 24, who resides at 56 Linwood Avenue. On June 13, 2005, appellant resided with her at that location, and, on that evening, Miller and appellant were at a party at 60 Linwood Avenue. Miller acknowledged drinking two shots of liquor and probably two beers that evening. According to Miller, her brother left the party around 10:15 p.m. to go to the liquor store, approximately five minutes from Linwood Avenue. A friend named Louis accompanied appellant to the store. Miller stated that her brother and Louis left in a red truck and they returned at approximately 10:45 p.m.
 {¶ 12} Following deliberations, the jury found appellant guilty of Count 1 of the indictment (felonious assault pertaining to Waderker), as well as the firearm specifications related to that count, but not guilty as to Count 2 (felonious assault pertaining to Bailey). The trial court conducted a bench trial on the remaining charge of having a weapon under disability, and the court found appellant guilty of that offense. The trial court sentenced appellant by entry filed January 30, 2006.
 {¶ 13} On appeal, appellant sets forth the following three assignments of error for review:
I. The Trial Court erred in failing to instruct the Jury on a lesser included offense of simple Assault, a first degree misdemeanor.
II. The Trial Court erred in overruling Appellant's Rule 29 Motions for Judgment of Acquittal as the evidence was insufficient to establish Appellant as the shooter.
III. Appellant's conviction was against the manifest weight of the evidence.
 {¶ 14} We will first jointly address appellant's second and third assignments of error, which are interrelated. Under his second assignment of error, appellant challenges the sufficiency of the evidence in arguing that the trial court erred in failing to grant his Crim.R. 29 motion for judgment of acquittal for felonious assault. Under the third assignment of error, appellant presents a manifest weight challenge.
 {¶ 15} A motion for judgment of acquittal, pursuant to Crim.R. 29, tests the sufficiency of the evidence. State v.Knipp, Vinton App. No. 06CA641, 2006-Ohio-4704, at ¶ 11. Accordingly, an appellate court reviews a trial court's denial of a motion for acquittal using the same standard for reviewing a sufficiency of the evidence claim. State v. Barron, Perry App. No. 05 CA 4, 2005-Ohio-6108, at ¶ 38.
 {¶ 16} Sufficiency of the evidence and weight of the evidence are distinct legal concepts. State v. Sexton, Franklin App. No. 01AP-398, 2002-Ohio-3617. In Sexton, at ¶ 30-31, this court discussed those distinctions as follows:
To reverse a conviction because of insufficient evidence, we must determine as a matter of law, after viewing the evidence in a light most favorable to the prosecution, that a rational trier of fact could not have found the essential elements of the crime proven beyond a reasonable doubt. * * * Sufficiency is a test of adequacy, a question of law. * * * We will not disturb a jury's verdict unless we find that reasonable minds could not reach the conclusion the jury reached as the trier of fact. * * *
We will neither resolve evidentiary conflicts in the defendant's favor nor substitute our assessment of the credibility of the witnesses for the assessment made by the jury. * * * A conviction based upon legally insufficient evidence amounts to a denial of due process, * * * and if we sustain appellant's insufficient evidence claim, the state will be barred from retrying appellant. * * *
A manifest weight argument, by contrast, requires us to engage in a limited weighing of the evidence to determine whether there is enough competent, credible evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt and, thereby, to support the judgment of conviction. * * * Issues of witness credibility and concerning the weight to attach to specific testimony remain primarily within the province of the trier of fact, whose opportunity to make those determinations is superior to that of a reviewing court. * * * Nonetheless, we must review the entire record. With caution and deference to the role of the trier of fact, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury, as the trier of facts, clearly lost its way, thereby creating such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against a conviction. * * *
 {¶ 17} As noted, appellant was convicted of felonious assault, in violation of R.C. 2903.11. R.C. 2903.11(A) states in part: "No person shall knowingly do either of the following: (1) Cause serious physical harm to another * * *; (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
 {¶ 18} Regarding the issue of sufficiency, appellant maintains that the testimony of Waderker does not support a finding that appellant actually possessed the gun at the time it was discharged. We disagree.
 {¶ 19} Viewed most favorably to the prosecution, the evidence indicates that, during the early morning hours of June 13, 2005, Waderker was a passenger in a vehicle driven by her friend Bailey, and their vehicle was stopped at a red light when a white vehicle pulled up on the right side of their vehicle. The white vehicle contained several rowdy young men, including an individual in the back seat directly behind the driver, who Waderker identified at trial as appellant. As noted by the state, Waderker's identification testimony regarding appellant was unwavering, and she had the opportunity to observe the individuals in the vehicle from a distance of approximately two to three feet during the incident. Waderker testified that the front driver's side window was rolled up, and the rear driver's side window was down. Direct evidence placed appellant in the rear passenger seat directly behind the driver. Appellant was hanging his arms outside the window, making hand gestures. Because of the manner in which appellant and the occupants were acting, Waderker noted the license plate number of the vehicle.
 {¶ 20} After the light turned green, the white vehicle initially pulled ahead of Bailey's vehicle. The white vehicle, however, eventually slowed down, and, as Bailey's vehicle began to pass it, Waderker saw "something in [appellant's] hands, and at that point, I heard a loud noise, which was a gunshot." (Tr. Vol. III, at 169.) Thus, according to the testimony presented by the state, appellant was the only individual observed waving his hands outside the window and holding an object, and the shot was fired immediately after Waderker observed the object. Further, appellant, seated directly behind the driver, was arguably in the best position to have fired the shot.
 {¶ 21} The bullet entered the rear passenger side window, striking the post between the front and rear door, near the seat belt attachment of the passenger seat. Glass from the window shattered and struck Waderker in the shoulder, neck and face, causing her to bleed, and the occupants of the white vehicle fled the scene. Waderker gave the police a license plate number of the suspect vehicle. A short time later, the white vehicle and a weapon were found near 60 Linwood Avenue, in the vicinity where appellant resided. Laboratory testing indicated that the bullet fired into the vehicle was fired from the recovered weapon. Shortly after the incident, Waderker identified appellant as the individual she observed in the white vehicle.
 {¶ 22} Here, construing the facts most strongly in favor of the prosecution, there was sufficient direct and circumstantial evidence upon which a jury could have reasonably concluded that appellant possessed a weapon and fired it at the vehicle in which Waderker was a passenger. Accordingly, there was sufficient evidence to support the elements of felonious assault (as well as the firearm specifications), and the trial court did not err in denying appellant's motion for judgment of acquittal.
 {¶ 23} The facts of the instant case are distinguishable from a case cited by appellant, State v. Draper (Mar. 29, 2001), Franklin App. No. 00AP-736, in which the accused had fired a weapon while exiting a bar, and then walked outside with a group of individuals. Approximately two to four minutes later, another shot was fired, but it was "unknown * * * what transpired between the men" in the parking lot during the two to four minutes that elapsed, and it was "not even known whether all four men remained in the vicinity of the parking lot during that time." Id. In contrast to the facts in Draper, and, as noted above, the victim, Waderker, observed an object in appellant's hand and immediately thereafter someone fired a shot into the vehicle she occupied. Again, the direct and circumstantial evidence presented was sufficient to support the conviction in the instant case.
 {¶ 24} Regarding appellant's manifest weight argument, appellant has not demonstrated that the jury lost its way and created a manifest miscarriage of justice. Here, there was conflicting evidence based upon Waderker's testimony identifying appellant as one of the occupants in the vehicle in the early morning hours, which contrasted with the testimony of appellant's sister, Shana Miller, who testified that her brother was at a party at 60 Linwood Avenue at the time of the shooting incident. The jury, as trier of fact, was in the best position to resolve issues of credibility, and we will not disturb the jury's resolution of the conflicting evidence.
 {¶ 25} Based upon the foregoing, appellant's second and third assignments of error are without merit and are overruled.
 {¶ 26} Under his first assignment of error, appellant argues that the trial court erred in failing to give a jury instruction on the lesser-included offense of simple assault, as defined by R.C. 2903.13. Appellant argues that, under the facts of this case, if it is believed he possessed the gun at the time it was discharged, the evidence was sufficient for a reasonable trier of fact to determine that he acted either negligently or recklessly. In support, appellant maintains the evidence at trial clearly showed no bad blood between the victims and the occupants of the vehicle appellant was allegedly riding in. Further, Waderker testified that no express threats were made, and appellant maintains it is entirely conceivable the weapon was accidentally discharged while the occupants were acting in a rowdy manner. Appellant points to the testimony of Officer Lou Spezialetti, who stated that the bullets were in the weapon, it did not need cocking, and it could simply be fired through pulling the trigger.
 {¶ 27} A jury instruction on the lesser-included offense of assault is required when "the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas
(1988), 40 Ohio St.3d 213, paragraph two of the syllabus. The decision of a trial court to refuse to give a jury instruction "will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion on the facts and circumstances of the particular case." State v. Fuller,
Montgomery App. No. 20658, 2005-Ohio-3696, at ¶ 9.
 {¶ 28} At trial, defense counsel requested a jury instruction on reckless assault under R.C. 2903.13(B). R.C. 2903.13(B) states: "No person shall recklessly cause serious physical harm to another[.]" An individual acts recklessly when, "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).
 {¶ 29} Appellant's contention that testimony by the victim could have convinced a trier of fact to conclude that the weapon discharged recklessly is unpersuasive. In the present case, appellant's theory at trial was that he was not at the scene, and, thus, he offered no evidence that the harm to the victim was caused by recklessness, i.e., there was no testimony that the assailant did not aim at the vehicle but, instead, fired a shot into the air, or that the assailant's hand was bumped by the vehicle. Rather, as noted by the state, the testimony indicated that the white vehicle, which had pulled ahead of Bailey's vehicle after the light changed, intentionally slowed down, allowing Bailey to pass. Just after Waderker observed the object in appellant's hand, a bullet shattered the vehicle's window, causing injury to Waderker's face, neck, and shoulder. Immediately after the shooting, the occupants of the white vehicle fled the scene. The shot was fired from close range, and the location of the shot, entering the rear passenger side of an occupied vehicle, shattering the window and striking a post in close approximation to the head of the front seat passenger, did not support a conclusion that appellant's conduct was merely reckless or negligent. Based upon the evidence presented, the trial court did not abuse its discretion in failing to instruct on the lesser-included offense of reckless assault.
 {¶ 30} Accordingly, appellant's first assignment of error is without merit and is overruled.
 {¶ 31} Based upon the foregoing, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bryant and French, JJ., concur.