OPINION
{¶ 1} Defendant-appellant, Monique Cunningham, appeals from a judgment of conviction entered by the Franklin County Municipal Court. For the following reasons, we affirm that judgment.
 {¶ 2} On July 28, 2005, appellant went to the Franklin County Children Services ("FCCS") office located on Frank Road in Columbus, Ohio, to talk to someone about the removal of her children from her custody. Appellant's case worker was not there that day, so Krista Voltolini, the office's assistant director, came out to talk with appellant. Appellant was seated in the office waiting room, a small room with seating for 10 to 12 [D1] No. 06AP-145 people. Voltolini asked appellant to move to a private visitation room because the lobby was crowded. Appellant refused to leave the lobby and started to speak very loudly to Voltolini. Appellant also yelled at a nearby boy, asking him if he had ever been abused. Voltolini again asked appellant to go into a private room. Appellant again refused.
 {¶ 3} At this point, Voltolini felt that appellant was being disruptive, so she asked Deputy Brian Ary of the Franklin County Sheriff's Office to escort appellant out of the building. Deputy Ary provided general security for the office. Deputy Ary asked appellant to leave the building, but she refused. Instead, appellant tried to make a phone call with her cell phone. The deputy grabbed the phone from appellant's hand, placed the phone in her purse, and warned that he would arrest her if she did not leave. Appellant then jumped up toward the deputy and began yelling "Beat Me. Beat Me. You know you want to do it." Deputy Ary led appellant toward the office doors, where appellant pushed Deputy Ary. The deputy then arrested appellant.
 {¶ 4} Appellant was charged with one count of persistent disorderly conduct in violation of R.C. 2917.11(A)(2). The charging complaint alleged that appellant recklessly caused FCCS alarm by communicating unwarranted and grossly abusive language to Voltolini, which was likely to provoke the average person to an immediate breach of the peace. The complaint alleged that appellant was yelling and became loud and persisted after being told to desist several times. Appellant entered a not guilty plea to the charge and proceeded to a jury trial.
 {¶ 5} At the beginning of the trial, the State requested to amend the complaint against appellant to include language from R.C. 2917.11(A)(2) that was not included in the original complaint. The State also requested to delete the complaint's allegation that appellant's conduct was likely to provoke the average person to an immediate breach of No. 06AP-145 the peace. Over appellant's objection, the trial court granted the State's requests. The amended complaint charged that appellant recklessly caused inconvenience, annoyance, or alarm to FCCS by making unreasonable noise or an offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to Voltolini. The allegation that appellant was yelling and became loud and persisted after being told to stop several times remained in the amended complaint. The trial court refused to grant appellant a continuance and went ahead with the trial. The jury found appellant guilty of persistent disorderly conduct[1] and the trial court sentenced her accordingly.
 {¶ 6} Appellant appeals and assigns the following errors:
 [1.] THE COURT BELOW ERRED WHEN IT FAILED TO ORDER THE CITY TO PROVIDE ADDRESSES OF WITNESSES TO THE FACTS GIVING RISE TO THE CHARGE WHEN THOSE ADDRESSES WERE WITHIN THE CUSTODY AND CONTROL OF THE ALLEGED VICTIM OF THE OFFENSE AND THAT ALLEGED VICTIM IS AN EMPLOYEE OF A GOVERNMENTAL AGENCY. IN THE ALTERNATIVE, TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO SEEK SUCH AN ORDER. THIS ERROR DEPRIVED DEFENDANT OF A FAIR TRIAL AND DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
 [2.] THE COURT BELOW ERRED WHEN IT ALLOWED THE CITY TO AMEND THE COMPLAINT ON THE FIRST DAY OF TRIAL AND DENIED DEFENDANT A CONTINUANCE. THIS ERROR DEPRIVED DEFENDANT OF A FAIR TRIAL AND DUE PROCESS OF LAW UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
 [3.] THE COURT BELOW ERRED WHEN IT DENIED THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER RULE 29, OHIO RULES OF CRIMINAL PROCEDURE, AT THE CLOSE OF THE CITY'S CASE.
 [4.] THE COURT BELOW ERRED WHEN IT PERMITTED THE JURY TO FIND THE DEFENDANT GUILTY OF DISORDERLY CONDUCT BASED ON SPEECH THAT WAS PROTECTED BY THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.
 [5.] THE COURT BELOW ERRED WHEN IT PERMITTED THE JURY TO HEAR EVIDENCE OF UNCHARGED MISCONDUCT OVER DEFENSE OBJECTION, IN VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 7} In her first assignment of error, appellant contends the State did not fulfill its obligation pursuant to Brady v. Maryland (1963),373 U.S. 83, 83 S.Ct. 1194, when it failed to provide her with the addresses of potential fact witnesses listed on the FCCS office's sign-in sheet for July 28, 2005. The sheet contained the names of all visitors to the FCCS office the day of the incident but did not contain addresses or phone numbers of those people. The State provided appellant's counsel with a copy of the sign-in sheet before trial. Appellant contends that the State also had a duty to obtain the names and addresses of the people on the sheet and to provide her with that information.
 {¶ 8} Prosecutors have a duty " 'to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.' " State v. Sanders (2001), 92 Ohio St.3d 245,261, quoting Kyles v. Whitley (1995), 514 U.S. 419, 437, 115 S.Ct. 1555;State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 61. Thus, the Brady obligation extends to information held by state or local agencies involved in the investigation or prosecution at issue.Sanders; Hessler.
 {¶ 9} In order to invoke the prosecutor's duty to investigate, however, appellant must make a showing that the disputed evidence actually was material, exculpatory information. Sanders. Evidence is material in this respect only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the No. 06AP-145 proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. SeeUnited States v. Bagley (1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 3383;State v. Johnston (1988), 39 Ohio St.3d 48, paragraph five of the syllabus. See, also, United States v. Agurs (1976), 427 U.S. 97,109-110, 96 S.Ct. 2392, 2400 ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.").
 {¶ 10} Appellant cannot demonstrate that the evidence in question, the addresses of the people present at the time of the incident, was material. Appellant claims that if she had these addresses, she would have been able to call "disinterested witnesses" to present their versions of the events at the FCCS office. However, appellant does not provide the court with any indication of the substance of the putative witnesses' testimony, other than to say that they were disinterested. We have no way of knowing whether their testimony would have assisted her defense. We, therefore, cannot say that the disclosure of the putative witnesses' addresses would have resulted in a different outcome at trial. Thus, because the information was not material, the State did not violate Brady by failing to discover or disclose the information.
 {¶ 11} Alternatively, appellant claims in this assignment of error that trial counsel was ineffective for failing to request the enforcement of the subpoena it issued seeking the information or to file a motion to compel the production of the information. We disagree.
 {¶ 12} In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated inStrickland v. Washington (1984), 466 U.S. 668, 466 U.S. 668; accordState v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied No. 06AP-145 (1990), 497 U.S. 1011. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v. Louisiana
(1955), 350 U.S. 91, 101.
 {¶ 13} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 14} Appellant contends that her counsel's failures prevented the jury from hearing testimony of disinterested witnesses, failures that prejudiced her and deprived her of a fair trial. However, even assuming that counsel's performance was deficient, we have previously noted that appellant did not provide the court with any indication of the substance of the putative witnesses' testimony other than to say that those witnesses No. 06AP-145 were disinterested. We have no way of knowing whether their testimony would have assisted her defense. See State v.Dennis, Franklin App. No. 04AP-595, 2005-Ohio1530, at ¶ 24; State v.Young, Franklin App. No. 05AP-641, 2006-Ohio-1165, at ¶ 21. In fact, the witnesses' testimony could have supported Voltolini and Deputy Ary's versions of the events. Appellant has not demonstrated that she was prejudiced by counsel's failure to request enforcement of the subpoena or to file a motion to compel. Therefore, she has not demonstrated that trial counsel was ineffective. State v. Dycus, Franklin App. No. 04AP-751, 2005-Ohio-3990, at ¶ 23 (failure to show prejudice defeats ineffective assistance of counsel claim); Strickland, at 697.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} Appellant contends in her second assignment of error that the trial court erred when it permitted the State to amend the complaint on the day of trial and yet denied her motion for a continuance. We disagree.
 {¶ 17} Pursuant to Crim.R. 7(D), a court may, before, during, or after a trial, allow the State to amend an indictment, provided no change is made in the name or identity of the crime charged. A trial court's decision allowing an amendment that changes the name or identity of the offense charged constitutes reversible error regardless of whether the accused can demonstrate prejudice. State v. Honeycutt (July 5, 2002), Montgomery App. No. 19004. If an amendment does not change the name or identity of the crime charged, we review the trial court's decision under an abuse of discretion standard. State v. Kittle, Athens App. No. 04CA41, 2005-Ohio-3198, at ¶ 13; State v. Beach, 148 Ohio App.3d 181,2002-Ohio-2759, at ¶ 23, appeal not allowed, 96 Ohio St.3d 1516,2002-Ohio-4950. The term abuse of discretion connotes more than an error of law or judgment; it implies that No. 06AP-145the court's attitude is unreasonable, arbitrary or unconscionable. State v.Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 18} The State was allowed to amend the charging complaint to include additional language in R.C. 2917.11(A)(2). Specifically, the amendments added the allegations that appellant "recklessly cause[d] inconvenience [or] annoyance" to another by "[m]aking unreasonable noise or an offensively coarse utterance, gesture or display." Appellant contends that these amendments changed the nature and identity of the offense and was, therefore, per se reversible error. We disagree. The identity of the offense before and after the amendments did not change; appellant was still charged with persistent disorderly conduct in violation of R.C. 2917.11(A)(2). See City of Niles v. Kostur (Dec. 14, 1990), Trumbull App. No. 89-T-4318 (finding that amendment of disorderly conduct charge to add allegation of persistent conduct did not change nature or identity of crime charged; defendant still charged with disorderly conduct). The amendments in the instant case added statutory language to correct an omission of an element of the crime charged and did not change the name or identity of the crime charged. State v.Brown (1993), 90 Ohio App.3d 674, 684.
 {¶ 19} When an amendment is allowed that does not change the name or identity of the offense charged, the accused is entitled to a discharge of the jury or a continuance, " 'unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made.' "Honeycutt, quoting Crim.R. 7(D). Appellant does not allege that she was misled or that the amendments prejudiced her case. Nor does she explain what, if anything, counsel would have done differently if the state had not amended the charge. Absent prejudice, appellant was not entitled to a continuance and the trial court did not err by No. 06AP-145 denying her a continuance. See State v. Martin, Franklin App. No. 05AP-818, 2006-Ohio2749, at ¶ 10. Therefore, appellant's second assignment of error is overruled.
 {¶ 20} We next address appellant's fourth assignment of error, in which she contends that her conviction for disorderly conduct violates the Free Speech Clause of the First Amendment of the United States Constitution because her speech did not amount to fighting words.
 {¶ 21} The Supreme Court of Ohio discussed the interaction between disorderly conduct based on speech and the First Amendment's protection of free speech in State v. Hoffman (1979), 57 Ohio St.2d 129. The court held that persons may only be convicted under R.C. 2917.11(A)(2) for " `recklessly caus(ing) inconvenience, annoyance, or alarm to another,' by making an 'offensively coarse utterance,' or `communicating unwarranted and grossly abusive language to any person,' unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace." Id. at paragraph one of the syllabus. Appellant contends that her words were not such fighting words because they were not likely to inflict injury or provoke the average person to an immediate retaliatory breach of the peace.
 {¶ 22} However, the complaint charging appellant with disorderly conduct was not premised on the content of her words. See State v.Trammel (Jan. 22, 1999), Montgomery App. No. 17196. The complaint stated that appellant yelled and became loud, thus implicating the portion of R.C. 2917.11(A)(2) that prohibits "making unreasonable noise." This portion of the statute was not involved in the court'sHoffman decision. That decision involved the other portions of the statute that concern the content of speech, i.e., making offensive utterances or communicating grossly abusive language. It is those offenses that involve the content of the speech to which the fighting words No. 06AP-145 requirement applies. Where a charge of disorderly conduct is not based on the content of the speech involved but only the manner of how the words are spoken, the fighting wordscrequirement does not apply. See Fairborn v. Grills (June 8, 1994), Greene App. No. 92CA92; Middletown v. Ramsey (Sept. 19, 1988), Butler App. No. 87-11-149; State v. Moshos (Oct. 10, 1997), Greene App. No. 96-CA-140;State v. Livingston (Oct. 2, 1986), Montgomery App. No. CA9641.
 {¶ 23} In the present case, the charge of disorderly conduct did not involve the content of appellant's speech but was instead based on her manner of speech. Therefore, the State did not need to prove that appellant spoke fighting words. Appellant's fourth assignment of error is overruled.
 {¶ 24} Appellant contends in her third assignment of error that the trial court improperly denied her Crim.R. 29 motion for judgment of acquittal. A motion for judgment of acquittal tests the sufficiency of the evidence. State v. Darrington, Franklin App. No. 06AP-160,2006-Ohio-5042, at ¶ 15, citing State v. Knipp, Vinton App. No. 06CA641,2006-Ohio-4704, at ¶ 11. Accordingly, an appellate court reviews a trial court's denial of a motion for acquittal using the same standard for reviewing a sufficiency of the evidence claim. Columbus v. Joyce (Nov. 29, 2001), Franklin App. No. 00AP-1486; State v. Barron, Perry App. No. 05CA4, 2005-Ohio-6108, at ¶ 38.
 {¶ 25} In State v. Jenks (1991), 61 Ohio St.3d 259, the Supreme Court of Ohio delineated the role of an appellate court presented with a challenge to the sufficiency of the evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most No. 06AP-145 favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
Id., at paragraph two of the syllabus.
 {¶ 26} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give[ ] full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact.State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79;State v. Thomas (1982), 70 Ohio St.2d 79, 80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001),90 Ohio St.3d 460, 484; Jenks, at 273.
 {¶ 27} Appellant first contends that the evidence was insufficient to demonstrate that her words constituted fighting words. As previously noted, appellant's conviction was based on the manner of her speech and not the content of her words. Therefore, the State did not need to prove that her speech constituted fighting words.
 {¶ 28} Next, appellant contends that the evidence was insufficient to demonstrate that she persisted in making unreasonable noise after she had been told to stop. We disagree.
 {¶ 29} In order to persist in disorderly conduct, the offender must be actively conducting herself in a disorderly manner, and after being warned or requested to desist, No. 06AP-145 continues the offensive behavior. Warren v. Patrone (1991), 75 Ohio App.3d 595; State v.Lane (Apr. 15, 1998), Belmont App. No. 94B21.
 {¶ 30} According to the testimony from Voltolini, Deputy Ary, and Sue Rutherford, the receptionist working at the FCCS office, appellant was very loud as she sat in the office. She was asked to move to another area of the office but refused and continued to speak loudly. Deputy Ary then asked her to leave the building and appellant refused. Appellant continued her disruptive behavior in the office. The requests for appellant to move to another area of the office and to leave the building constituted requests for appellant to stop her disorderly conduct. Therefore, the evidence is sufficient, when viewed in a light most favorable to the State, for a rationale juror to have found that appellant persisted in her disorderly conduct. See State v.Marzette (Apr. 16, 1999), Montgomery App. No. 17187 (finding that requests for defendant to go to another room was sufficient to prove that defendant was asked to desist offensive behavior).
 {¶ 31} Appellant's third assignment of error is overruled.
 {¶ 32} Lastly, appellant contends in her fifth assignment of error that the trial court improperly admitted Deputy Ary's testimony regarding her interaction with him. She contends that the testimony was irrelevant and unfairly prejudicial.
 {¶ 33} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Thus, the trial court's decision to admit testimony will only be reversed on appeal if the court abused its discretion. State v. Condon, 152 Ohio App.3d 629,2003-Ohio-2335, at ¶ 80. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Adams, supra, at 157. No. 06AP-145
 {¶ 34} Evid.R. 402 provides for the admission of relevant evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. However, Evid.R. 403(A) limits the admission of relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Appellant contends that Deputy Ary's testimony describing her interaction with him was not relevant to the interaction between her and Voltolini and, even if it was, the relevance was substantially outweighed by the unfair prejudice of the testimony. We disagree.
 {¶ 35} Appellant's interaction with Deputy Ary consisted of yelling and physical contact between the two. The trial court did not abuse its discretion by admitting testimony regarding this interaction. The testimony provided the jury with a complete description of what occurred and was evidence that appellant persisted in disorderly conduct by continuing to make unreasonable noise in the office despite being asked to leave the office. Thus, the interaction was relevant to prove that she was persistent in her disorderly conduct. Further, the relevancy of this testimony was not substantially outweighed by its unfair prejudice. While the interaction was obviously prejudicial to appellant, we cannot say that it was unfairly prejudicial. Only in rare cases are an accused's own actions or language unfairly prejudicial. State v.Bailey, Franklin App. No. 04AP-553, 2005-Ohio-4068, at ¶ 11, citingState v. Fuller, Butler App. No. CA2000-11217, 2002-Ohio-4110, at ¶ 13. This case is not the rare case where an accused's own actions were unfairly prejudicial. Although the testimony was unfavorable, there is a distinction between unfavorable and unfairly prejudicial. Id.; State v.Doyle (Mar. 28, No. 06AP-145 1997), Clark App. No. 96-CA-0038 (prejudicial evidence, in the sense that it helped to establish guilt, not unfairly prejudicial under Evid.R. 403[A]).
 {¶ 36} Accordingly, the trial court did not abuse its discretion by admitting testimony regarding appellant's interaction with Deputy Ary. Appellant's fifth assignment of error is overruled.
 {¶ 37} Appellant's five assignments of error are overruled and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
DESHLER, J., retired, of the Tenth District Court of Appeals, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] The jury's general verdict form did not state the particular type of disorderly conduct.