OPINION
{¶ 1} This is an appeal by defendant-appellant, Rondell M. Stargell, from a judgment of the Franklin County Municipal Court, denying appellant's motions for judgment of acquittal and new trial.
 {¶ 2} On May 19, 2005, appellant was charged with failure to comply, in violation of Columbus Traffic Code 2109.01(A), failure to stop after an accident or collision, in violation of Columbus Traffic Code 2135.12(A), failure to yield at a stop sign, in violation *Page 2 
of Columbus Traffic Code 2131.18(A), and driving with a loud muffler, in violation of Columbus Traffic Code 2137.20(A).
 {¶ 3} Prior to trial, appellant filed a notice of alibi. The matter came for trial before a jury beginning February 22, 2006, and the city presented evidence that Columbus Police Officers Douglas Jones and Marilyn Venable were on patrol in the early morning hours of May 19, 2005. At approximately 1:30 a.m., the officers were traveling on Stanley Avenue when they observed a gray car heading eastbound. The vehicle had a loud muffler, and Officer Jones activated the cruiser's beacon lights and spotlight.
 {¶ 4} The driver of the vehicle failed to stop, instead speeding up and continuing eastbound "at a high rate of speed, not stopping for stop signs, driving out of control, trying to get away." (Tr. at 48.) Officer Jones used his spotlight to illuminate the suspect vehicle, and he observed the driver wearing a white t-shirt, with cornrows in his hair, accompanied by a passenger wearing a black t-shirt. The vehicle turned northbound on Linwood Avenue, and then eastbound on Kossuth Street, again failing to stop at a stop sign. After proceeding approximately two or three blocks on Kossuth Street, the car crashed into a garage.
 {¶ 5} As the officers approached, with Officer Jones shining a spotlight on the vehicle, the driver and passenger exited the car and fled the scene, eventually eluding the officers. The officers subsequently ran a license plate check of the vehicle, which revealed the owner of the car was a female with the last name of Stargell. At trial, Officers Jones and Venable both identified appellant as the individual who was driving the suspect vehicle on the date of the incident. *Page 3 
 {¶ 6} Appellant's cousin, Latasha Stargell, testified on behalf of appellant. Stargell testified that, on the evening in question, DeShawn Gossett, the father of her children, borrowed her car at 9:00 p.m. According to Stargell, Gossett was alone at the time he borrowed the vehicle, and he returned to Stargell's residence at approximately 3:00 a.m. without the vehicle.
 {¶ 7} Edith Stargell, appellant's grandmother, also testified on behalf of appellant. On May 19, 2005, she received a phone call from her granddaughter at approximately 4:00 a.m., asking if appellant was home; Stargell responded, "He's asleep." (Tr. at 145.) Stargell tried to awaken him, "but he didn't want to get up." (Tr. at 145.) Stargell testified that appellant had gone to sleep around midnight.
 {¶ 8} The jury returned verdicts finding appellant guilty of violating Columbus Traffic Code Sections 2109.01(A) and 2315.12(A). By entry filed March 2, 2006, the trial court imposed a 260-day suspended sentence, ordered appellant's driver's license suspended for three months, placed him on probation for two years, and ordered him to pay restitution to the victim.
 {¶ 9} On March 13, 2006, appellant filed a motion for a new trial, pursuant to Crim.R. 33, and a motion for acquittal, pursuant to Crim.R. 29. In the accompanying memorandum, appellant argued that an individual named at trial, DeShawn Gossett, had been located and was willing to come forward and discuss his involvement in the case. The city filed a memorandum contra appellant's motions. Appellant subsequently filed a motion to compel the prosecutor to stipulate to the results of a polygraph examination and/or allow the introduction of the results of the examination at a motion hearing. On *Page 4 
May 12, 2006, appellant issued a subpoena to Gossett. On July 26, 2006, counsel for Gossett filed a motion to quash the subpoena.
 {¶ 10} On August 10, 2006, the trial court conducted a hearing on the post-trial motions. By entry filed October 13, 2006, the trial court granted Gossett's motion to quash the subpoena, denied appellant's motion to compel the prosecutor to stipulate and/or admit the results of a polygraph examination, and denied appellant's motions for new trial and judgment of acquittal.
 {¶ 11} On appeal, appellant sets forth the following five assignments of error for review:
 First Assignment of Error: The evidence was legally insufficient to identify appellant as the driver of the automobile that failed to stop in response to officers in pursuit, then was involved in a hit-skip collision with a garage.
 Second Assignment of Error: The court erroneously overruled appellant's motions for acquittal pursuant to Criminal Rule 29.
 Third Assignment of Error: The court erroneously quashed the subpoena issued to DeShawn Gossett to attend the hearing on appellant's motions for acquittal or a new trial.
 Fourth Assignment of Error: The trial court abused its discretion by overruling appellant's motion for a new trial.
 Fifth Assignment of Error: Appellant's convictions were against the manifest weight of the evidence.
 {¶ 12} Appellant's first, second and fifth assignments are interrelated and will be considered together. Under these assignments of error, appellant asserts that the evidence was insufficient to establish his identity as the driver of the automobile that failed to stop in response to the officers' pursuit, that his convictions were against the manifest weight of the evidence, and that the trial court erred in denying his motion for acquittal. *Page 5 
 {¶ 13} Crim.R. 29(A) governs motions for acquittal, and states as follows:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
 {¶ 14} In State v. Darrington, Franklin App. No. 06AP-160,2006-Ohio-5042, at ¶ 15-16, this court discussed the applicable standards of review in considering a motion for judgment of acquittal and a challenge based upon the weight of the evidence, stating as follows:
 A motion for judgment of acquittal, pursuant to Crim.R. 29, tests the sufficiency of the evidence. State v. Knipp, Vinton App. No. 06CA641, 2006-Ohio-4704, at P11. Accordingly, an appellate court reviews a trial court's denial of a motion for acquittal using the same standard for reviewing a sufficiency of the evidence claim. State v. Barron, Perry App. No. 05CA4, 2005-Ohio-6108, at P38.
 Sufficiency of the evidence and weight of the evidence are distinct legal concepts. State v. Sexton, Franklin App. No. 01AP-398, 2002-Ohio-3617. In Sexton, at P30-31, this court discussed those distinctions as follows:
 To reverse a conviction because of insufficient evidence, we must determine as a matter of law, after viewing the evidence in a light most favorable to the prosecution, that a rational trier of fact could not have found the essential elements of the crime proven beyond a reasonable doubt. * * * Sufficiency is a test of adequacy, a question of law. * * * We will not disturb a jury's verdict unless we find that reasonable minds could not reach the conclusion the jury reached as the trier of fact. * * * We will neither resolve evidentiary conflicts in the defendant's favor nor substitute our assessment of the credibility of the witnesses for the assessment made by the jury. * * * A conviction based upon legally insufficient evidence amounts to a denial of due process, * * * and if we sustain appellant's *Page 6 
insufficient evidence claim, the state will be barred from retrying appellant. * * *
 A manifest weight argument, by contrast, requires us to engage in a limited weighing of the evidence to determine whether there is enough competent, credible evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt and, thereby, to support the judgment of conviction. * * * Issues of witness credibility and concerning the weight to attach to specific testimony remain primarily within the province of the trier of fact, whose opportunity to make those determinations is superior to that of a reviewing court. * * * Nonetheless, we must review the entire record. With caution and deference to the role of the trier of fact, this court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury, as the trier of facts, clearly lost its way, thereby creating such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against a conviction. * * *
 {¶ 15} As noted, appellant was convicted of failure to comply with an officer and failure to stop after an accident. Columbus Traffic Code 2109.01(A) provides: "No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." Columbus Traffic Code 2135.12 defines the elements of failure to stop, and, for purposes of the instant case, the city was required to prove that: (1) appellant was the driver of a vehicle involved in an accident or collision with property; (2) that he had knowledge of the accident and collision; and (3) he failed to remain at the scene of the accident until providing the operator's name and driver's license, as well as the vehicle owner's name and the registration number of the vehicle.
 {¶ 16} Appellant concedes there was sufficient evidence as to all the elements of the above offenses except the identity of the offender. Appellant maintains Officer Jones *Page 7 
was mistaken as to his eyewitness identification, arguing that the officer only had a split second to identify the suspect exiting the driver's side of the vehicle. Appellant also points to the alibi testimony presented by his grandmother, who testified appellant was at home in his bedroom, and the testimony of his cousin, who stated that DeShawn Gossett borrowed her car that evening.
 {¶ 17} Upon review of the record, we find the state presented sufficient evidence which, if believed by the jury, was sufficient to support the verdicts. According to the testimony of Officer Jones, he was approximately one car-length from the suspect vehicle at the time he activated the lights on the cruiser. During the ensuing chase, the officer used his spotlight to illuminate the vehicle, and he observed the driver wearing a white t-shirt, with his hair in cornrows, while the passenger was wearing a black t-shirt. At the time the suspect vehicle crashed into a garage, Officer Jones pulled up with the cruiser's spotlight directed on the vehicle. The driver exited the vehicle, "looked back for a split second, and took off running through the bushes." (Tr. at 52.) According to Officer Jones, he had an unobstructed view of the driver, who was approximately 20 to 25 feet from him at the time. The officer described the suspect as approximately five foot eight inches or five foot nine inches in height, weighing approximately 180 pounds.
 {¶ 18} At trial, Officer Jones identified appellant as the individual driving the vehicle in the early morning hours. Officer Jones testified that he had seen appellant prior to this incident, and he had no doubt that appellant was the driver of the vehicle that crashed into the garage.
 {¶ 19} Appellant contends that the officer misidentified him and confused him with DeShawn Gossett, who similarly wears his hair in cornrows. Officer Jones, however, *Page 8 
testified he was also familiar with Gossett, having come in contact with him more than ten times during the years the officer worked in the precinct where the incident occurred. Officer Jones had also previously observed appellant and Gossett together and he distinguished the two men, noting that Gossett is "a little bit taller," and "has a very thin build." (Tr. at 90.)
 {¶ 20} There was also corroborating testimony by Officer Venable regarding the identification of appellant. According to Officer Venable, after the vehicle struck the garage, the driver exited the vehicle and "then turned around, looked back, and proceeded to run[.]" (Tr. at 98.) Officer Venable was about a "car length[s]" distance from the driver, and the suspect's head was facing the officer for "about a second," his face illuminated by the spotlight. (Tr. at 99.) Officer Venable identified appellant at trial as the driver of the suspect vehicle.
 {¶ 21} Thus, the city presented the testimony of two officers who positively stated appellant was the individual they observed exiting the driver's side of the vehicle. In viewing the evidence in a light most favorable to the prosecution, as we are required under a sufficiency analysis, a reasonable trier of fact could have found, beyond a reasonable doubt, sufficient evidence of identity, and, therefore, sufficient evidence to support the elements of the crimes charged.
 {¶ 22} Regarding the weight of the evidence, "[t]he degree of certainty of a witness' identification testimony is a matter which goes to that witness' credibility." State v. Fleetwood (June 7, 1984), Montgomery App. No. 8186. While appellant presented alibi testimony, it was within the province of the jury to assess the credibility of those witnesses. Here, the trier of fact obviously chose to believe the testimony of the officers *Page 9 
and to discount the alibi witnesses, and we will not disturb that finding as against the manifest weight of the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 23} Based upon the foregoing, appellant's first, second and fifth assignments of error are without merit and are overruled.
 {¶ 24} Appellant's third and fourth assignments of error are interrelated and will be considered together. Under his third assignment of error, appellant argues that the trial court erred in quashing the subpoena issued to DeShawn Gossett to attend the hearing on appellant's motion for new trial. Under his fourth assignment of error, appellant argues that the trial court erred in denying his motion for new trial, asserting that the testimony of Gossett constituted newly discovered evidence.
 {¶ 25} By way of background, on March 13, 2006, appellant filed a motion for new trial, asserting that new evidence had been discovered; specifically, appellant argued that an "individual named at trial, DeShawn Gossett, who we were previously unable to locate has been located and has indicated that he is willing to come forward and discuss his involvement in this case." In the accompanying memorandum in support, appellant argued that the defense was unable to locate Gossett before trial because of his movement from house to house, and his attempt to evade arrest because of two pending outstanding warrants. According to an affidavit submitted by appellant's counsel, appellant, following his conviction, claimed to have spoken with Gossett at an address known to appellant and his cousin, and that Gossett "indicated that he is going to come forward and make things right." (Affidavit of Dawn M. Steele, at ¶ 3.) On July 28, 2006, counsel for Gossett filed a motion to quash the subpoena. *Page 10 
 {¶ 26} During the hearing on appellant's motion for new trial, defense counsel requested the court to enforce the subpoena issued to Gossett, stating that Gossett "was unavailable at the time of trial," that he "then became available," but later "made himself unavailable again." (Tr. Aug. 10, 2006, at 5.) In response to the trial court's inquiry as to why the testimony of Gossett constituted newly discovered evidence, defense counsel responded that such evidence was newly discovered because of the lack of availability of the witness.
 {¶ 27} Crim.R. 33(A)(6) states as follows:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 * * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
 {¶ 28} In order for a trial court to grant a motion for new trial based upon newly discovered evidence, a defendant must establish that the evidence: "(1) is likely to change the result if a new trial is granted; (2) was discovered after trial; (3) could not in the exercise of due diligence have been discovered before trial; (4) is material to the issues; (5) is not merely cumulative to the former evidence; and (6) does not merely *Page 11 
impeach or contradict the former evidence." State v. King (June 4, 1998), Cuyahoga App. No. 72892, citing State v. Petro (1947),148 Ohio St. 505, syllabus. A trial court's decision whether to grant or deny a motion for new trial is within the sound discretion of that court, and we will not reverse a trial court's denial of a motion for new trial absent an abuse of discretion. State v. Duncan, Cuyahoga App. No. 85367,2006-Ohio-691, at ¶ 13.
 {¶ 29} At the outset, we note the record indicates that the identity of Gossett was known to appellant prior to trial. Further, the trial court, in its decision denying the motion for new trial, viewed with skepticism appellant's claim that he could not locate Gossett for approximately eight months prior to trial, but "was able to locate [him] almost immediately after the trial[.]" The trial court concluded that appellant "could, with reasonable diligence, have discovered and produced at trial" the purported evidence at issue.
 {¶ 30} Upon review, we find no abuse of discretion. Here, the record indicates that appellant made no attempt to subpoena Gossett prior to trial, but, instead, waited until after his conviction. Nor did appellant request a continuance prior to trial in an attempt to secure Gossett's testimony. As noted by the trial court, however, within days of his conviction, appellant was presumably able to locate this potential witness. Under the circumstances of this case, the trial court did not abuse its discretion in finding a lack of due diligence on the part of appellant to discover this evidence prior to trial. SeeState v. Saxton (Mar. 7, 2002), Marion App. No. 9-2000-88 (even though subpoena was issued, appellant failed to exercise due diligence in attempting to secure witness before trial where appellant was aware of potential alibi witness prior to trial but did not seek a continuance to secure such testimony at trial). *Page 12 
 {¶ 31} Accordingly, the trial court did not err in granting the motion to quash the subpoena, nor did the court abuse its discretion in denying the motion for new trial based upon purported newly discovered evidence. Appellant's third and fourth assignments of error are without merit and are overruled.
 {¶ 32} Based upon the foregoing, appellant's first, second, third, fourth, and fifth assignments of error are overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
 McGRATH and TYACK, JJ., concur. *Page 1