OPINION
{¶ 1} Defendant-appellant, Lawrence D. Bishop, appeals from a judgment entry of conviction and sentence entered by the Franklin County Municipal Court. For the following reasons, we affirm that judgment.
 {¶ 2} On February 28, 2008, Columbus Police Department Officers Douglas Wilkinson and Randall Mayhew responded to the report of a dispute between a woman, later identified as Virginia Lash, and her son at a house located at 276 South Harris Avenue in Columbus, Ohio. The officers cited Lash for an open container violation. As the officers were writing out the citation to Lash, appellant approached and pulled a can of *Page 2 
beer from his pocket. The officers warned appellant not to open the beer. Appellant opened the can of beer anyway. Officer Wilkinson then cited appellant with an open container violation. During this time, appellant told the officers that he wanted another woman and her seven kids out of his house. The officers told appellant that because the woman was paying rent, he would have to go through eviction proceedings. Appellant then said "[w]ell, we'll get her out."
 {¶ 3} After the officers wrote the citations, they returned to their car to finish writing their reports. Within minutes, they heard people screaming in the house. A number of the occupants were yelling for the officers to come to the house because "[t]hey are killing the dog." In response, the officers first entered the house and then made their way to the backyard, where they observed appellant holding down a dog and Lash standing over the dog with a bloody knife in her hand. They also observed a young boy with a shovel in his hand, yelling at appellant and Lash to leave the dog alone. The officers got appellant's attention and he released the dog. The officers observed blood on the snow-covered ground where appellant had pinned the dog and also blood on appellant and Lash. Officer Mayhew saw lacerations on the dog's back and left side. The officers did not see any other dog in the backyard. The next day, Officer Mayhew returned to the house and saw that the dog's lacerations had been stapled and stitched. He thought that the lacerations were consistent with wounds inflicted by a knife.
 {¶ 4} As a result of these events, Officer Mayhew filed a complaint in the Franklin County Municipal Court charging appellant with one count of cruelty to animals in violation of Columbus City Code 2327.15(A). The complaint alleged that appellant "did knowingly in a cruel manner, injure a canine * * * by means of repeatedly stabbing canine with a *Page 3 
knife." Appellant entered a not guilty plea to the charge and proceeded to a jury trial. The jury found appellant guilty and the trial court sentenced him accordingly.
 {¶ 5} Appellant appeals and assigns the following errors:
 ASSIGNMENT OF ERROR NUMBER ONE
 THE DEFENDANT WAS DEPRIVED OF A FAIR TRIAL BY THE ACTS OF THE PROSECUTOR WHEN THE PROSECUTOR MISSTATED ALLEGED STATEMENTS MADE BY THE DEFENDANT AND USED THEM TO SUGGEST THE EXISTENCE OF A MOTIVE FOR INJURING THE DOG WHEN THE RECORD DID NOT ESTABLISH SUCH A BASIS IN FACT AND WHERE THE EXISTENCE OF THE MOTIVE COULD ONLY HAVE BEEN BASED UPON FACTS OUTSIDE THE RECORD.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED WHEN IT ALLOWED THE CITY TO PRESENT, OVER THE DEFENDANT'S OBJECTION, INADMISSIBLE HEARSAY EVIDENCE WHEN THE EVIDENCE DID NOT FALL WITHIN THE EXCITED UTTERANCE EXCEPTION AND ALSO WAS INADMISSIBLE UNDER EVID.R. 403(A) DUE TO ITS CONFUSING AND MISLEADING NATURE AND THE UNFAIR PREJUDICE OF ADMITTING SUCH TESTIMONY.
 ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT ON THE MENTAL ELEMENT NECESSARY TO FIND THE DEFENDANT GUILTY AS AN AIDER AND ABETTOR.
 ASSIGNMENT OF ERROR NUMBER FOUR
 THE TRIAL COURT ERRED WHEN IT GRANTED THE CITY'S MOTION TO AMEND THE COMPLAINT AT THE CLOSE OF ALL THE EVIDENCE, OVER THE OBJECTION OF THE DEFENDANT, WHEN THE AMENDMENT CHANGED THE ELEMENTS OF THE OFFENSE AND FURTHER ERRED WHEN IT INSTRUCTED THE JURY THAT IT COULD FIND THE DEFENDANT GUILTY BASED UPON ELEMENTS NOT EVEN ALLEGED IN THE AMENDED COMPLAINT. *Page 4 
 ASSIGNMENT OF ERROR NUMBER FIVE
 THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT OF CONVICTION AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE CONVICTION WAS AGAISNT THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED.
 ASSIGNMENT OF ERROR NUMBER SIX
 THE TRIAL COURT ERRED WHEN IT RULED THAT THE DEFENDANT COULD NOT PRESENT EVIDENCE THAT HIS DOG HAD BEEN EUTHANIZED BY ANIMAL CONTROL FOLLOWING THE INCIDENT WHEN SUCH EVIDENCE HAD PROBATIVE VALUE TO THE DEFENDANT'S CASE.
 {¶ 6} For ease of analysis, we address appellant's assignments of error out of order. In appellant's second assignment of error, he contends the trial court erred by admitting hearsay testimony that also violated Evid. R. 403(A). Specifically, appellant argues the trial court erred by admitting Officer Wilkinson's testimony that he heard people screaming from the house "[t]hey are killing the dog." We disagree.
 {¶ 7} Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid. R. 801(C). Hearsay testimony is generally inadmissible unless it falls under an exception to the hearsay rule. Evid. R. 802.
 {¶ 8} Evid. R. 803(2) provides an exception to the hearsay rule for excited utterances. In order for a statement to qualify as an excited utterance, the "statement must concern `some occurrence startling enough to produce a nervous excitement in the declarant,' which occurrence the declarant had an opportunity to observe, and must be made `before there had been time for such nervous excitement to lose a domination over his reflective faculties.'" State v. Huertas (1990), 51 Ohio St.3d 22, 31, quoting Potter v. Baker (1955), 162 Ohio St. 488; State v. Taylor
(1993), 66 Ohio St.3d 295, 300. *Page 5 
 {¶ 9} The admission of an excited utterance is a matter within the discretion of the trial court. State v. Holloway, Franklin App. No. 02AP-984, 2003-Ohio-3298, at ¶ 24; State v. Johnson, Lucas App. No. L-05-1001, 2006-Ohio-1232, at ¶ 12. That decision will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion connotes more than an error of law or judgment; it connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Holloway at ¶ 14.
 {¶ 10} Appellant claims that the city failed to lay the proper foundation for the admission of the statement as an excited utterance because it did not prove that the unidentified declarants had the opportunity to personally observe the occurrence. We disagree.
 {¶ 11} The determination of whether a declarant had the opportunity to personally observe an occurrence may be implied or inferred from the circumstances of the particular case. Johnson at ¶ 21; State v.Holdbrook, Butler App. No. CA2005-11-482, 2006-Ohio-5841, at ¶ 52
(sufficient evidence to infer that bystanders had opportunity to observe matters for admission of statement as excited utterance).
 {¶ 12} In the present case, Officer Wilkinson testified that he heard screams coming from inside the house, and that the people in the house were pleading for help. Officer Mayhew testified that he thought the screams were coming from the back of the house. The officers testified that the people inside the house told them to go through the house because something was going on "out back." When the officers entered the backyard, they found appellant holding down a dog, with Lash standing over the dog with a bloody knife. Based on this testimony, the trial court had sufficient evidence to infer that the declarants personally observed the incident in the backyard and that the incident was *Page 6 
the reason for the pleas for help. Therefore, the city laid a proper foundation, and the trial court did not abuse its discretion by admitting the statement as an excited utterance.
 {¶ 13} Appellant also contends that the hearsay statement should have been excluded under Evid. R. 403(A), because its probative value was substantially outweighed by the danger of confusion of the issues or of misleading the jury. Specifically, appellant argues that the use of the pronoun "they" in the statement does not clearly indicate the subjects of the declaration. We disagree.
 {¶ 14} Evid. R. 403(A) provides that otherwise admissible evidence is inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." A trial court has broad discretion to determine whether relevant evidence must be excluded under this rule. State v.Sowell, Franklin App. No. 06AP-443, 2008-Ohio-3285, at ¶ 80. That decision will be reversed only upon an abuse of that discretion. Id. at ¶ 81.
 {¶ 15} Although the use of the pronoun "they" in the statement "[t]hey are killing the dog" does not identify the actors, the officers observed appellant holding down an injured dog while Lash stood over the dog with a bloody knife immediately after hearing this plea. Given these facts, the trial court did not abuse its discretion in refusing to exclude the statement. For these reasons, the trial court did not abuse its discretion by admitting the statement. Therefore, we overrule appellant's second assignment of error.
 {¶ 16} Appellant contends in his sixth assignment of error that the trial court erred by excluding evidence that his dog was euthanized by animal control after this incident. We disagree.
 {¶ 17} Appellant presented the testimony of David Shellhouse, an employee of the Franklin County Department of Animal Care and Control. Shellhouse testified that a male *Page 7 
chow mix dog was taken from 276 South Harris Road and placed into the department's shelter on February 28, 2008. Appellant was the owner of that dog. The trial court refused to allow Shellhouse to testify that appellant's dog was euthanized. The trial court found the evidence to be irrelevant.
 {¶ 18} Generally, all relevant evidence is admissible, and irrelevant evidence is inadmissible. Sowell at ¶ 78. Evidence is relevant "if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 401. The admission or exclusion of evidence is a decision within the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Thus, the trial court's decision to exclude appellant's evidence will only be reversed if the court abused its discretion. State v. Cunningham, Franklin App. No. 06AP-145,2006-Ohio-6373, at ¶ 33.
 {¶ 19} Appellant argues on appeal that he and Lash were attempting to protect appellant's dog from the dog appellant held down. Appellant contends that evidence showing his dog was euthanized was relevant because it explained why he could not produce evidence that his dog was injured in a dog fight as he alleged. However, the record reflects no evidence that there was a dog fight or any hostile interaction between the injured dog and appellant's dog. Nor did the police officers see another dog in the backyard at the time they observed appellant holding down the injured dog. Absent evidence that there was a dog fight between appellant's dog and the injured dog, the fate of appellant's dog is irrelevant. Therefore, the trial court did not abuse its discretion by refusing to allow Shellhouse to testify that appellant's dog was euthanized. *Page 8 
 {¶ 20} Moreover, the jury had other evidence before it that appellant's dog was euthanized. Appellant's exhibit E, the Franklin County Department of Animal Care and Control's intake log for February 28, 2008, lists "EUTH" as the disposition of appellant's dog. The code symbol after that disposition is number 6, which indicates the dog was euthanized due to its temperament. Thus, the jury had before it evidence that appellant's dog was euthanized. Therefore, appellant was not harmed by the exclusion of this portion of Shellhouse's testimony.
 {¶ 21} Appellant's sixth assignment of error is overruled.
 {¶ 22} Appellant contends in his fourth assignment of error that the trial court erred by: (1) permitting the city to amend its complaint at the close of all the evidence; and (2) instructing the jury that it could find appellant guilty based upon elements not alleged in the amended complaint. He contends the trial court violated his due process right to fair notice of the criminal charges he faced. We disagree.
 {¶ 23} We first address the trial court's decision to grant the city's motion to amend the complaint. After the close of evidence, the trial court allowed the city to amend the complaint's single count of animal cruelty to replace the mental state of knowingly with the mental state of recklessly. Columbus City Code 2327.15 does not specify a required mens rea, nor does it plainly indicate a purpose to impose strict liability. Therefore, the requisite mens rea to sustain a conviction is recklessness, not knowingly. See State v. Lapping (1991),75 Ohio App.3d 354, 358 (construing R.C. 959.13, Ohio's animal cruelty statute, to require proof of recklessness). See, also, R.C. 2901.21(B). Although appellant objected to the amendment, he did not request the discharge of the jury or a continuance.
 {¶ 24} Pursuant to Crim. R. 7(D), a court may, before, during, or after a trial, allow the State to amend an indictment, provided no change is made in the name or identity of *Page 9 
the crime charged. The standards in Crim. R. 7(D) satisfy the notice requirements of the Due Process Clause. State v. Blauvelt, Butler App. No. CA2007-01-034, 2007-Ohio-5897, at ¶ 20; State v. Abdullah, Franklin App. No. 05AP-1316, 2006-Ohio-5412, at ¶ 24 (noting the "due process protections afforded by Crim. R. 7[D]."). See, also, State v.Strozier (Oct. 5, 1994), Montgomery App. No. 14021 (noting that Crim. R. 7[D] embodies constitutional protections of indictment and notice). A trial court's decision allowing an amendment that changes the name or identity of the offense charged constitutes reversible error regardless of whether the accused can demonstrate prejudice. State v.Honeycutt, Montgomery App. No. 19004, 2002-Ohio-3490. If an amendment does not change the name or identity of the crime charged, we review the trial court's decision under an abuse of discretion standard. State v.Kittle, Athens App. No. 04CA41, 2005-Ohio-3198, at ¶ 13; State v.Beach, 148 Ohio App.3d 181, 2002-Ohio-2759, at ¶ 23. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 25} The trial court permitted the city to amend the complaint to correct the mental state alleged therein. The name and identity of the offense before and after the amendment did not change; appellant was still charged with animal cruelty in violation of Columbus City Code 2327.15(A)(1). See State v. Martin, Brown App. No. CA2003-09-011, 2004-Ohio-4309, at ¶ 23 (amending mental state of indictment from knowingly to recklessly did not change name and identity of offenses);State v. Pollock, Ross App. No. 02CA2671, 2003-Ohio-2003, at ¶ 8 (amending mental state from knowingly to purposely did not change name or identity of offense). Nor did the amendment change the penalty *Page 10 
or degree of offense charged. See State v. Davis, Highland App. No. 06CA26, 2007-Ohio-2249, at ¶ 17; State v. Smith, Franklin App. No. 03AP-1157, 2004-Ohio-4786, at ¶ 11.
 {¶ 26} When an amendment is allowed that does not change the name or identity of the offense charged, the accused is entitled to a discharge of the jury or a continuance, "`unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made.'"Honeycutt, quoting Crim. R. 7(D); State v. Hickman, Summit App. No. 20883, 2002-Ohio-3406, at ¶ 45. Here, appellant does not explain how the amendment prejudiced him. Appellant's defense at trial was unrelated to the mens rea of the offense. Appellant's defense at trial was that he was attempting to help the dog and/or attempting to keep the dog away from appellant's dog. In addition, appellant does not explain what, if anything, his trial counsel would have done differently if the city had not amended the charge. State v. Martin, Franklin App. No. 05AP-818,2006-Ohio-2749, at ¶ 10.
 {¶ 27} Moreover, appellant did not request a continuance or a discharge of the jury. Instead, he chose to proceed with closing argument and submission to the jury. Therefore, appellant failed to request the only remedies available when there has been an amendment of the complaint that does not change the name and identity of the crime charged. Id., citing State v. Gondek (Jan. 26, 2000), Medina App. No. 2928-M.
 {¶ 28} Given these circumstances, the trial court did not abuse its discretion by allowing the amendment of appellant's complaint. Additionally, appellant failed to demonstrate any prejudice resulting from that amendment.
 {¶ 29} In his fourth assignment of error, appellant also alleges error based upon the trial court's jury instructions wherein the trial court instructed the jury that appellant could be found guilty of animal cruelty if he "cruelly, inhumanely, or unnecessarily beat, *Page 11 
injured, or abused any animal * * *." See Columbus City Code 2327.15(A)(1). Appellant claims that the instructions were erroneous because the city's complaint only alleged that appellant cruelly injured the dog.
 {¶ 30} Appellant did not present this argument to the trial court. Therefore, appellant has waived the argument absent plain error.State v. Edwards, Franklin App. No. 05AP-828, 2006-Ohio-6987, at ¶ 16;State v. Canter, Franklin App. No. 01AP-531, 2002-Ohio-1347. Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise. State v. Moreland
(1990), 50 Ohio St.3d 58. However, even if an appellate court finds plain error, it is not required to correct it. State v. Barnes (2002),94 Ohio St.3d 21, 27. Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, syllabus paragraph three.
 {¶ 31} Although the language in the jury instructions and the complaint are different, we fail to find plain error. The overwhelming evidence presented at trial indicates that Lash cut the dog with a knife while appellant held the dog down. The jury could have reasonably concluded that the dog was cruelly injured as alleged in appellant's complaint. Thus, it cannot be said that but for the additional language in the jury instructions, the outcome of the trial would clearly have been otherwise.
 {¶ 32} Appellant's fourth assignment of error is overruled. *Page 12 
 {¶ 33} In his third assignment of error, appellant contends the trial court did not properly instruct the jury as to the mental element necessary to find him guilty of aiding and abetting animal cruelty.[1]
We disagree.
 {¶ 34} The trial court's complete instruction defining the charge of animal cruelty and aiding and abetting animal cruelty reads as follows:
 Before you can find the defendant guilty, you must find beyond a reasonable doubt, that * * * the defendant while acting recklessly; cruelly, inhumanely, or unnecessarily beat, injured, or abused, any animal; or aided or abetted another in committing the offense of cruelty to animals; or conspired with another to commit the offense of cruelty to animals.
 The defendant cannot be found guilty of complicity unless the offense was actually committed.
 Aided or abetted means supported, assisted, encouraged, cooperated with, advised, or incited.
The trial court then defined criminal recklessness.
 {¶ 35} Appellant now argues that these instructions do not make it clear that in order to find him guilty of aiding and abetting another in committing the offense of cruelty to animals, the jury must have found that he acted recklessly. We agree that this jury instruction could have more clearly stated that recklessly was the applicable mens rea for both the principal offense and aiding and abetting the commission of the principal offense. However, appellant did not object on this basis at trial. Rather, appellant objected to the instruction because it combined the principal offense of animal cruelty with aiding and *Page 13 
abetting. Therefore, even if the trial court erred in giving this instruction, appellant waived the argument he now advances, absent plain error. Edwards at ¶ 16.
 {¶ 36} After hearing occupants in the house screaming "[t]hey are killing the dog" and calling for help, the officers entered the backyard and observed appellant holding a dog down as Lash stood by with a bloody knife in her hand. The dog exhibited wounds consistent with cuts inflicted by a knife. The officers observed blood on the snow-covered ground where appellant had pinned the dog as well as on appellant and Lash. They also observed a young boy yelling at appellant and Lash to leave his dog alone. The officers did not see any other dog in the backyard. This evidence indicates that appellant acted at least recklessly, if not knowingly. Thus, we cannot say that the outcome of the trial would have been different had the trial court more clearly instructed the jury that recklessly was the applicable mens rea for both the principal offense and aiding and abetting the commission of the principal offense. Accordingly, appellant's third assignment of error is overruled.
 {¶ 37} Appellant contends in his fifth assignment of error that that his conviction was not supported by sufficient evidence and is against the manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, we will separately discuss the appropriate standard of review for each.
 {¶ 38} In State v. Jenks (1991), 61 Ohio St.3d 259, the Supreme Court of Ohio delineated the role of an appellate court presented with a challenge to the sufficiency of the evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the *Page 14 
evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id. at paragraph two of the syllabus.
 {¶ 39} Whether the evidence is legally sufficient is a question of law, not fact. Thompkins, at 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas (1982), 70 Ohio St.2d 79, 80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v.Treesh (2001), 90 Ohio St.3d 460, 484; Jenks, at 273.
 {¶ 40} In order to find appellant guilty of animal cruelty, the city had to prove beyond a reasonable doubt that appellant, while acting recklessly, did cruelly, inhumanely, or unnecessarily beat, injure, abuse, overload, overwork, insufficiently shelter, feed, or water any animal. Columbus City Code 2327.15.
 {¶ 41} The city proceeded under the theory that appellant aided and abetted Lash in attacking the dog. See R.C. 2923.03 ("No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense * * *.). A person aids or abets another when he supports, assists, *Page 15 
encourages, cooperates with, advises or incites the principal in the commission of the crime and shares that criminal intent of the principal. State v. Lett, 160 Ohio App.3d 46, 2005-Ohio-1308, at ¶ 28. Such intent may be inferred from the circumstances surrounding the crime. Id.; State v. Buelow, Franklin App. No. 07AP-317, 2007-Ohio-5929, at ¶ 30.
 {¶ 42} Mere presence at the scene of the crime is not enough, by itself, to prove the defendant aided and abetted. State v. Johnson,93 Ohio St.3d 240, 243. Aiding and abetting may be shown by both direct and circumstantial evidence, and participation may be inferred from presence, companionship, and conduct before and after the offense is committed. Id. at 245; Buelow at ¶ 29; Lett at ¶ 29. The state must establish that the defendant took some role in causing the offense. Id. at ¶ 27; Buelow.
 {¶ 43} Officer Wilkinson testified that he was initially called to the house for a domestic dispute. While responding to that situation, appellant walked up to the officer and told him that he had a woman and her kids living in his house that he wanted out. The officer told him that he would have to evict her because she was paying rent. Appellant replied "[w]ell, we'll get her out." At the time, appellant was standing with Lash.
 {¶ 44} Officers Wilkinson and Mayhew both testified that minutes after they resolved the initial dispute, they heard screams of "[t]hey are killing the dog" coming from the house. They entered the backyard of appellant's house and observed appellant holding down a dog. They also saw Lash bent over the dog. She stood up and the officers saw a bloody knife in her hand. There was also blood on her, appellant, and on the snow-covered ground where the dog was being held down. Once appellant stood up, the dog ran into the house. The next day, Officer Mayhew returned to the house and *Page 16 
observed lacerations on the back of the dog that had been stitched and/or stapled. He testified that the lacerations appeared to be consistent with knife wounds.
 {¶ 45} This is sufficient evidence for a reasonable juror to conclude that appellant aided and abetted Lash in committing animal cruelty. The officers saw appellant holding down a dog with Lash over it, holding a bloody knife. The dog was bleeding and had lacerations consistent with being cut by a knife. The officers also observed a young boy yelling at appellant and Lash to leave his dog alone. The officer did not see any other dog in the backyard. Appellant's act in holding down the dog is sufficient, by itself, for a reasonable trier of fact to conclude that he recklessly aided and abetted Lash in cruelly, inhumanely, or unnecessarily injuring the dog.
 {¶ 46} Appellant's manifest weight of the evidence claim requires a different review. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Thompkins, supra, at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Id.
 {¶ 47} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. *Page 17 
No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible.State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58;State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v.Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28;State v. Hairston, Franklin App. No. 01 AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 48} Appellant argues that his conviction is against the manifest weight of the evidence because the city failed to present witnesses that actually saw him holding the dog down as Lash stabbed it, and because the city's evidence was unrealiable. We find both arguments unavailing.
 {¶ 49} Although the city did not present a witness who actually saw Lash cut the dog as appellant held it down, the city is not required to present direct evidence in order to convict appellant. "`[A] conviction can be sustained based on circumstantial evidence alone.'" State v.Hillman, Franklin App. No. 06AP-1230, 2008-Ohio-2341, at ¶ 16, quotingState v. Franklin (1991), 62 Ohio St.3d 118, 124. Both officers at the scene testified that they saw Lash bent over the dog holding a bloody knife, while appellant held the dog down. The dog exhibited wounds consistent with cuts inflicted by a knife. A young boy was yelling at appellant and Lash to leave his dog alone as the boy tried to defend the dog. This is strong circumstantial evidence that Lash injured the dog with the knife and *Page 18 
that appellant acted in complicity with her by holding the dog down. The jury did not lose its way in finding appellant guilty of aiding and abetting cruelty to animals. This is not the exceptional case where the evidence weighs heavily against the conviction.
 {¶ 50} Appellant's claim that the city's evidence was unreliable is based on arguments in his other assignments of error. Having found no error in those assignments of error, we likewise reject his claim here.
 {¶ 51} Appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Accordingly, we overrule appellant's fifth assignment of error.
 {¶ 52} Lastly, appellant contends in his first assignment of error that prosecutorial misconduct deprived him of a fair trial. Specifically, he contends the prosecutor misstated his statement to police and then used that statement to improperly suggest a motive for appellant's acts in aiding and abetting Lash. We disagree.
 {¶ 53} "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips (1982), 455 U.S. 209,219, 102 S.Ct. 940. Accordingly, prosecutorial misconduct is not grounds for reversal unless the defendant has been denied a fair trial.State v. Maurer (1984), 15 Ohio St.3d 239, 266.
 {¶ 54} Officer Wilkinson testified that when he first encountered appellant, appellant told him that he wanted a woman and her seven kids that were living in his house out of his house. When the officer told appellant that he would have to evict her because she paid him rent, the appellant said "[w]ell, we'll get her out." Appellant was with Lash at the time he made the statement. The prosecutor later asked the officer how much time elapsed from "when he says, `I know how to get her out of here,'" until he *Page 19 
heard the commotion in the house. The appellant did not object to the question. In closing arguments, the prosecutor again told the jury that appellant said that "I know how to get her out of my house" and implied that that was his motive for helping Lash attack the dog. Again, counsel did not object to the prosecutor's statement.
 {¶ 55} The failure to object to alleged prosecutorial misconduct waives all but plain error. State v. LaMar, 95 Ohio St.3d 181,2002-Ohio-2128, at ¶ 126; State v. Loch, Franklin App. No. 02AP-1065, 2003-Ohio-4701, at ¶ 43.
 {¶ 56} Prosecutors are entitled to latitude regarding what the evidence has shown and what inferences can be drawn therefrom. State v.Cunningham, 105 Ohio St.3d 197, 213, 2004-Ohio-7007, citing State v.Richey (1992), 64 Ohio St.3d 353, 362. The prosecutor's interpretation of appellant's statement was an arguable interpretation of that comment. Within a couple of minutes of appellant's statement, the officers heard screams coming from the house. They went to the back of the house and saw appellant holding down a dog, Lash standing over it with a bloody knife, and a boy with a shovel, preparing to hit appellant and screaming "leave my dog alone." It is reasonable to infer from appellant's comment and the timing of the events that the attack on the dog was part of a plan to get the woman and her kids out of the house.
 {¶ 57} Moreover, even if the prosecutor's statement was improper, we cannot say that but for the error, the outcome of the trial would clearly have been otherwise. Notwithstanding any alleged motive, the observations of the two police officers at the scene provide overwhelming evidence of appellant's guilt in this matter.
 {¶ 58} Appellant has not demonstrated prosecutorial misconduct that deprived him of a fair trial. His first assignment of error is overruled. *Page 20 {¶ 59} Appellant's six assignments of error are overruled. We affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] Although the complaint did not allege aiding and abetting, because the evidence presented at trial reasonably indicated that appellant was an aider and abettor rather than a principal offender, a jury instruction on aiding and abetting was proper. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 45. *Page 1