[Cite as *State v. Schuttinger*, 2013-Ohio-5793.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

        Plaintiff-Appellee,            :            No. 12AP-705
                                        (C.P.C. No. 12CR-02-916)
v.                                               :            No. 12AP-706
                                        (C.P.C. No. 12CR-06-2766)
Teila S. Schuttinger,                            :

        Defendant-Appellant.           :            (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on December 31, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*,
for appellee.

*Joseph D. Reed*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} In these appeals, defendant-appellant, Teila S. Schuttinger, appeals two judgments of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm in part and reverse in part those judgments and remand the matter for resentencing.

I. Factual and Procedural Background

{¶ 2} In case No. 12AP-705, a Franklin County Grand Jury indicted appellant with two counts of theft in violation of R.C. 2913.02. In case No. 12AP-706, another grand jury indicted her with one count of receiving stolen property in violation of R.C. 2913.51. All three charges arose out of allegations that appellant stole a gas card from her former

employer, Spal-Tech, and used it to obtain gasoline without Spal-Tech's consent. Appellant entered not guilty pleas to the charges and proceeded to a jury trial.

{¶ 3}   Walter Everett is the president and owner of Spal-Tech, a company which specializes in caulking.  Everett hired appellant in 2007 as an office manager.  In 2008, appellant helped Everett open a commercial account with Speedway gas stations so Spal-Tech's employees could use gas cards when they needed to buy gas for their company trucks.  The company received a number of cards for its employees.  Appellant was not authorized to use the cards but as office manager was in charge of the account.

{¶ 4}   In December 2009, appellant's employment with Spal-Tech ended.[1]  In late 2010, after simply paying each month's bill from Speedway, Everett decided to take a hands-on approach to the Speedway account and began reviewing the monthly bills from the Speedway account for the year of 2010.  He closed the account when he discovered that his employees were using only two of the cards.  He also found, however, charges to another card (Card No. 10) that no employee admitted to using.  These charges began in December 2009 and continued sporadically until Everett closed the account in 2010.  The charges totaled just over $2,700.  Everett analyzed those charges and determined that a number of them occurred at times when his employees would not be working, such as late at night or on Sundays.  Suspecting fraud, Everett contacted his local police department.

{¶ 5}   Richard Grubb, then the supervisor of security systems for Speedway, became involved with the police investigation.  Grubb obtained still photos from the Speedway store listed in the billing records and at times that coincided with three charges made to Card No. 10.  Each picture contained a blue minivan located at or near the gas pump used for the charges made to Card No. 10.  Another picture taken on one of those days inside the gas station moments after the gas card was used at a pump shows appellant inside the store.  Grubb's investigation also revealed that a certain Speedway rewards card was often present for the questioned transactions, including the transactions contained in the photographs with the blue minivan.  Lastly, Grubb discovered one instance in which the same Speedway rewards card was used in conjunction with a debit or credit card.  The associated credit or debit card was in appellant's name.

---

[1] The parties differed as to the reasons for the end of her employment.  This difference, however, is not relevant to the resolution of this case.

{¶ 6} Two witnesses testified that appellant drove a minivan. Everett also identified appellant as the woman in the picture taken inside the Speedway gas station. Appellant admitted to owning a blue minivan similar to the one in the pictures taken at the Speedway store but denied that the minivan in the pictures was her minivan. She also denied using Spal-Tech's Speedway gas cards.

{¶ 7} The jury found appellant guilty of all three counts and the trial court sentenced her accordingly.

## II. The Appeal

{¶ 8} Appellant appeals and assigns the following errors:

> [1.] The trial court erred to the prejudice of the defendant-appellant when it sustained an objection by the state to the introduction of a photograph of her automobile.

> [2.] The jury verdict of guilty of theft and receiving stolen property was against the manifest weight of the evidence.

> [3.] The convictions for theft and receiving stolen property should have merged and the state should have been forced to elect to proceed to sentencing on one of the two charges.

### A. The Trial Court did not Abuse its Discretion by Excluding a Picture of Appellant's Minivan

{¶ 9} In her first assignment of error, appellant argues that the trial court abused its discretion by refusing to admit a picture of her minivan. We disagree.

{¶ 10} The admission or exclusion of evidence is a decision within the trial court's sound discretion. *Columbus v. Bishop*, 10th Dist. No. 08AP-300, 2008-Ohio-6964, ¶ 18, citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus. Thus, the trial court's decision to exclude appellant's photograph will only be reversed if the court abused its discretion. *State v. Cunningham,* 10th Dist. No. 06AP-145, 2006-Ohio-6373, ¶ 33. Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, *State v. Beavers,* 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8, we note that no court has the authority, within its discretion, to commit an error of law. *State v. Beechler,* 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 11} Appellant testified that her minivan was not the one in the photographs taken at the gas stations. Appellant provided several specific differences between the

minivan in the picture and her minivan.  For example, appellant testified that her minivan has air vents that the minivan in the pictures did not have, that her minivan did not have fog lights that the minivan had in the pictures, and that the minivans had different wheels. (Tr. 300-02.)  Appellant then attempted to admit a picture of her minivan to show that her description of her minivan was accurate.  The state objected, arguing that appellant had not presented the picture to them during discovery.  Appellant did not dispute that claim but noted his decision to not object to certain pieces of evidence which he claimed the state did not produce during discovery.  The trial court refused to admit the picture.

{¶ 12} Appellant now claims the trial court abused its discretion by refusing to admit the picture because the picture was relevant evidence.  We disagree.  We note that the picture of appellant's minivan is not part of the record, which makes it difficult to determine its relevance.  Relevant or not, however, appellant does not dispute the state's claim that she did not provide the picture to the state before trial.  Pursuant to Crim.R. 16(L)(1), when a party fails to provide discovery, the trial court may order the party to permit discovery or inspection, grant a continuance, prohibit the party from introducing into evidence the material not disclosed, or make any other order it deems just under the circumstances.  Whether to impose sanctions for such a failure is itself subject to an abuse of discretion review.  *State v. Harcourt*, 46 Ohio App.3d 52 (12th Dist.1988), paragraph one of the syllabus; *State v. Volpe*, 10th Dist. No. 06AP-1153, 2008-Ohio-1678, ¶ 47.

{¶ 13} This matter had been pending for a significant amount of time before trial yet appellant apparently never produced the picture to the state.  Appellant's counsel did not attempt to justify or explain that failure but, instead, reminded the court that he did not object to the admission of evidence which he claimed the state did not produce to him. Additionally, appellant did testify about the differences between her minivan and the minivan in the photographs.  Appellant sought the admission of the picture merely to bolster that testimony.  In light of these circumstances, we conclude that the trial court did not abuse its discretion by excluding the picture of appellant's minivan.  We overrule appellant's first assignment of error.

**B. Appellant's Convictions are Supported by the Manifest Weight of the Evidence**

{¶ 14} Appellant contends that her convictions are against the manifest weight of the evidence.  We disagree.

{¶ 15} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other.  *State v. Thompkins,* 78 Ohio St.3d 380, 387 (1997).  When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *Id.* at 387.  An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' "  *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *State v. Strider-Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

{¶ 16} In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses.  *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6.  However, in conducting our review, we are guided by the presumption that the jury, or the trial court in a bench trial, " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.*, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).  Accordingly, we afford great deference to the jury's determination of witness credibility.  *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 26, citing *State v. Jennings*, 10th Dist. No. 09AP-70, 2009-Ohio-6840, ¶ 55. *See also State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus (credibility determinations are primarily for the trier of fact).

{¶ 17} Appellant argues that the evidence she submitted was "clearly superior" to the evidence the state presented.  Specifically, she highlights her testimony indicating the

differences between the minivan in the picture and her own minivan and evidence which supported her claim that she was not in Ohio at the time of one of the pictures.

{¶ 18} First, we note that appellant did not file a notice of alibi as required by Crim.R. 12.1, did not request a jury instruction on alibi, and that her claimed alibi would impact a very small amount of the year in which she allegedly used Spal-Tech's gas card. Regardless, appellant never testified that she was out of the state on the date of the picture in question.  Instead, trial counsel raised the defense in closing arguments by noting that appellant's personal credit card records contained a charge on the date in question for a rental car in Florida.  However, we note other charges on and around that same date from stores and restaurants in the Columbus area.  Thus, the jury did not lose its way by rejecting appellant's alibi claim.  *See State v. Crisp*, 10th Dist. No. 06AP-146, 2006-Ohio-5041, ¶ 14 (citing *State v. Jones*, 8th Dist. No. 60966 (July 9, 1992) for proposition that rejection of claimed alibi defense within the province of the jury); *State v. Bailey*, 10th Dist. No. 04AP-553, 2005-Ohio-4068, ¶ 22 (jury did not lose its way rejecting alibi).

{¶ 19} Also, the jury could view the pictures of the minivan and weigh appellant's testimony that it was not her minivan in the pictures in light of all the other circumstantial evidence the state submitted.  In doing so, the jury apparently choose to disbelieve appellant.  This was within the province of the jury, and we cannot say the jury lost its way in doing so.  *State v. Williams*, 10th Dist. No. 08AP-719, 2009-Ohio-3237, ¶ 18.  As noted above, the state presented compelling circumstantial evidence to demonstrate that appellant obtained and used Spal-Tech's gas card without consent.  That evidence included financial records as well as photographs of appellant and what appears to be her minivan at Speedway gas stations when the Spal-Tech's gas card was used to purchase gas.  This is not the exceptional case in which the evidence weighs heavily against the conviction.  Accordingly, we conclude that appellant's convictions are not against the manifest weight of the evidence and overrule appellant's second assignment of error.

### C.  Merger of Offenses

{¶ 20} Lastly, appellant argues that her convictions for theft and receiving stolen property should have merged for sentencing purposes.  The state concedes that appellant's conviction for receiving stolen property should have merged with one of the theft convictions.  We agree.  *State v. Ferguson*, 10th Dist. No. 12AP-1003, 2013-Ohio-

4798, ¶ 56, quoting *Maumee v. Geiger*, 45 Ohio St.2d 238, 244 (1976) ("The law is established that, '[a]lthough receiving [stolen property] is technically not an included offense of theft, it is, under R.C. 2941.25, an 'allied offense of similar import.' An accused may be tried for both but may be convicted and sentenced for only one.' ").

{¶ 21} Because the trial court did not merge appellant's conviction for receiving stolen property into one of the theft convictions, we sustain appellant's third assignment of error and remand the matter for resentencing.

### III. Conclusion

{¶ 22} We overrule appellant's first and second assignments of error, but sustain her third assignment of error. Accordingly, we affirm in part and reverse in part the judgments of the Franklin County Court of Common Pleas and remand the matter for resentencing.

*Judgments affirmed in part and reversed in part;*
*cause remanded with instructions.*

TYACK and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).