[Cite as *State v. Martinez-Martinez*, 2016-Ohio-5206.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-40 |
| v. | : | (M.C. No. 2015 TRD-184275) |
| Violeta A. Martinez-Martinez, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 2, 2016

**On brief:** *Malek & Malek,* and *James Malek,* for appellant.
**Argued:** *Kip Malek.*

**On brief:** *Richard C. Pfeiffer, Jr.,* City Attorney, and
*Garrison P. Carr,* for appellee. **Argued:** *Garrison P. Carr.*

APPEAL from the Franklin County Municipal Court

HORTON, J.

{¶ 1} Defendant-appellant, Violeta A. Martinez-Martinez, appeals from a judgment of conviction and sentence entered by the Franklin County Municipal Court. Because her conviction is not against the manifest weight of the evidence, we affirm that judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 31, 2015, William Conway was traveling westbound on Scioto Darby Creek Road in Franklin County. (Dec. 17, 2015 Tr. at 6-7.) Conway was driving a large truck that was pulling a three-horse trailer that was about thirty feet long. (Tr. at 8.) Conway was delivering the horse trailer to a residence and intended to turn right into the resident's driveway. *Id.* On either side of the driveway are two "big pillars" or posts. (Tr. at 15.) In order to make a right turn into the drive without striking the posts, Conway was required to create a large turning radius by swinging part of his tractor-trailer out into the

eastbound lane to begin the turn. (Tr. at 8, 15-16.) Prior to making the right turn, Conway first determined that there was no traffic approaching in the eastbound lane, then slowed his vehicle and put on his right turn signal 200-300 yards prior to making his turn. (Tr. at 8, 9, 19.) As the front of Conway's truck was turning right, he witnessed appellant drive across the end of the driveway, out of her lane of traffic, and strike his truck as it was almost in the driveway. (Tr. at 10, 12-13.)

{¶ 3} According to appellant, she was driving approximately 40 miles per hour westbound along Scioto Darby Creek Road when she first observed Conway's horse trailer one mile ahead of her traveling westbound on the wrong side of the road. (Tr. at 28, 33.) Conway's vehicle was completely in the eastbound lane. (Tr. at 25.) The tractor-trailer had on its left turn signal and appellant believed the vehicle was going to make a left turn. (Tr. at 30.) As appellant passed the tractor trailer, the trailer made a right turn in front of her vehicle, forcing appellant to move her vehicle out of her lane of travel to the right side of the road. (Tr. at 27.) Appellant's vehicle struck the tractor trailer, then a fence and came to rest in a ditch. *Id.*

{¶ 4} Appellant was issued a citation for violating R.C. 4511.33(A)—Marked Lanes. On December 9, 2015, the appellant entered a not guilty plea to the charge and demanded a bench trial. On December 17, 2015, a bench trial was held in the Franklin County Municipal Court. Only two witnesses testified, Conway and appellant. The Municipal Court Judge found the appellant guilty of violating R.C. 4511.33(A).

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant appeals, assigning a single error:

> The trial court erred in finding the Appellant guilty of violating § ORC 4511.33 (A)(1), as the Judgment of the Trial Court was not supported by the manifest weight of the evidence.

## III. CONVICTION IS NOT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE

{¶ 6} This court in *State v. Baatin*, 10th Dist. No. 11AP-286, 2011-Ohio-6294, ¶ 9-10, stated the applicable law:

> The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one

> side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52. * * *
>
> When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*; *State v. Strider-Williams,* 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

{¶ 7} In addition, the trier of fact is free to believe or disbelieve all or any of the testimony. *Columbus v. Bishop,* 10th Dist. No. 08AP-300, 2008-Ohio-6964, ¶ 47. The trial court was in the best position to observe the demeanor of the witnesses and consider their testimony in whole in order to draw factual conclusions. Id.

{¶ 8} R.C. 4511.33(A)(1) provides that a driver must remain within the lane markings "as nearly as is practicable" and that a driver shall not move from a lane "until the driver has first ascertained that such movement can be made with safety." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 18. The phrase "as nearly as is practicable" does not give the driver the option to remain within the lane markings; rather, the phrase requires the driver to remain within the lane markings unless the driver cannot reasonably avoid straying. *Id.*

{¶ 9} Appellant argues that the manifest weight of the evidence shows that she was not guilty of violating R.C. 4511.33(A)(1). Appellant argues that she was traveling within her established lane of travel at the time and was forced off the road by the truck that was in the process of changing lanes. The only reason that she left her established lane of travel was because her vehicle was struck by the truck. (Appellant's Brief at 9-10.)

{¶ 10} According to Conway, he initiated a right turn by putting on his right turn signal 200-300 yards prior to the turn. With his right turn signal activated over this long distance, Conway slowed his vehicle significantly and moved partially into the left, eastbound lane in order to safely maneuver his right hand turn. Upon making the initial

right turn, and with the front portion of his vehicle just beginning to enter the driveway, Conway was struck by appellant's vehicle which was attempting to pass him on the right, out of appellant's marked lane.

{¶ 11} Appellant's testimony completely contradicted that of Conway. According to appellant, she was traveling west on Scioto Darby Creek Road when she observed Conway one mile ahead of her, also traveling west, but completely in the left lane. Appellant testified that Conway had on his left turn signal and she believed he was making a left turn. As appellant neared the truck, it began to move to the right and appellant was forced to move out of her lane of travel to try and avoid a collision with the truck.

{¶ 12} In the instant case, the trier of fact clearly chose to believe Conway over appellant. Conway's testimony places appellant out of her lane of travel in an attempt to pass his tractor-trailer on the right. The trial court found "beyond a reasonable doubt that [appellant is] guilty of violating the marked lanes statute in Ohio." (Tr. at 40.) The trial court was in the best position to observe the demeanor of the witnesses and consider their testimony in whole in order to draw factual conclusions.

{¶ 13} After a thorough review, we find that the trial court did not lose its way, nor create a manifest miscarriage of justice. Accordingly, appellant's conviction is not against the manifest weight of the evidence. Therefore, we overrule appellant's assignment of error.

## IV. DISPOSITION

{¶ 14} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

————————————